UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Plaintiff,

against

OCEAN REEF CHARTERS LLC and
STONEGATE BANK

Defendant.

Civil Action No.:

**COMPLAINT FOR DECLARATORY
JUDGMENT IN ADMIRALTY**

Plaintiff, Travelers Property Casualty Company of America ("Travelers"), by its attorneys, Duane Morris LLP, as and for its Complaint against defendant Ocean Reef Charters, LLC ("Ocean Reef") alleges on information and belief as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

2. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333.

3. The Court's jurisdiction also is based on 28 U.S.C. § 1332. The citizenship of the parties is diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Travelers is a legal entity organized and existing under the laws of Connecticut with an office and principal place of business at One Tower Square, Hartford, Connecticut 06183-1190, and is in the business of writing, *inter alia*, marine insurance.

6. Upon information and belief, defendant Ocean Reef is a Florida Limited Liability Company with an office and principal place of business at 45 Cedarfield Common, Suite #FA, Rochester, New York 14612.

7. Upon information and belief, defendant Stonegate Bank is a Florida corporation with an office in Pompano Beach, Florida.

## FACTS

8. Travelers issued Quay Yacht Policy of Insurance No. ZYM-21N30664-16-ND effective October 10, 2016 to October 10, 2017 to Ocean Reef Charters LLC covering a 1998 92' Hatteras yacht (the "Policy").

9. A copy of the Policy is Exhibit 1 hereto, and is incorporated herein as if set forth at length.

10. Stonegate Bank is identified as a loss payee on the Policy.

11. The Policy provides $2,000,000 of insurance for accidental direct physical loss of or damage to the vessel subject to deductible.

12. The Policy coverage contains a Captain Warranty:

### CAPTAIN WARRANTY

Date Issued: 08/10/16        Policy No: ZYM-21N30664-16-ND

Insured: OCEAN REEF CHARTERS LLC

Name of Company: Travelers Property Casualty Company of America

Effective Date: 10/10/16

It is warranted you employ a professional captain for the yacht shown on the Declarations Page of this policy. Such captain shall be employed full time and approved by us. We will pay up to $1,500 for the cost of hiring a replacement captain, approved by

us, if your captain is unable to perform his regular duties due to a medically certified cause.

All other terms and conditions remain unchanged.

13. The Policy coverage contains a Crew Warranty:

**CREW WARRANTY**

Date Issued: 08/10/16          Policy No: ZYM-21N30664-16-ND

Insured: OCEAN REEF CHARTERS LLC

Name of Company: Travelers Property Casualty Company of America

Effective Date: 10/10/16

You employ 1 full time or part time professional crew for your yacht shown on the Declarations Page of this policy. We also provide coverage for any additional, temporary, crew you employ.

All other terms and conditions remain unchanged.

14. The Policy coverage contains a Named Storm Deductible Endorsement:

**NAMED STORM DEDUCTIBLE ENDORSEMENT**

Date Issued: 08/10/16          Policy No: ZYM-21N30664-16-ND

Insured: OCEAN REEF CHARTERS LLC

Name of Company: Travelers Property Casualty Company of America

Effective Date: 10/10/16

When your yacht is located south of 35° north latitude between June 1st and November 15th, and your yacht is in an area where a watch or warning will be declared within the next forty eight (48) hours or has been declared for a Named Storm, the Deductible amount shown on the Declarations Page of this policy is increased to FIVE percent 5% of the Physical Damage amount of insurance shown on the Declarations Page of this policy, for any loss or damages cause[d] by, contributed to by or in any way resulting,

directly or indirectly from a named storm as defined by the National Oceanic and Atmospheric Administration (NOAA).

All other terms and conditions remain unchanged.

15. Ocean Reef claims that the vessel was damaged in September, 2017.

16. Ocean Reef claims that the damage was caused directly or indirectly by a named storm, Hurricane IRMA.

17. At all relevant times, Ocean Reef did not employ a professional captain for the vessel.

18. At all relevant times, Ocean Reef did not employ a full time captain for the vessel.

19. At all relevant times, there was no approved captain for the vessel.

20. At all relevant times, there was no captain on board the vessel.

21. At all relevant times, there was no professional crew employed by Ocean Reef.

22. At all relevant times, there was no professional crew aboard the vessel.

23. Ocean Reef further claimed for the cost of raising the vessel.

24. Ocean Reef requested that Travelers make an advance payment to fund the raising of the vessel.

25. Travelers agreed to advance payment for the raising of the vessel subject to a complete reservation of rights, including the right to seek reimbursement.

26. If the insurance were not in effect, there would be no basis for Travelers to agree or to advance payment for Ocean Reef's obligation to raise the vessel.

27. Ocean Reef received the benefit of Travelers' payment.

## FIRST CAUSE OF ACTION

28.  Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.  The Policy is subject to a Captain Warranty requiring Ocean Reef to employ a full time captain approved by Travelers.

30.  At all relevant times, Ocean Reef did not employ a full time captain approved by Travelers.

31.  Travelers requests that this Court declare the Policy does not provide coverage for the claimed damage to the vessel and/or costs of raising the vessel as a result of Ocean Reef's breach of the Policy Captain Warranty.

## SECOND CAUSE OF ACTION

32.  Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33.  The Policy is subject to a Crew Warranty endorsement requiring Ocean Reef to employ 1 full time or part time professional crew.

34.  At all relevant times, Ocean Reef did not employ a full time or part time professional crew.

35.  Travelers requests that this Court declare the Policy does not provide coverage for the claimed damage to the vessel and/or costs of raising the vessel as a result of Ocean Reef's breach of the Policy's Crew Warranty.

## THIRD CAUSE OF ACTION

36.  Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37. The Policy coverage is subject to the Named Storm Deductible Endorsement.

38. Ocean Reef claims the damage to the vessel and/or costs of raising the vessel were caused or contributed to by a named storm.

39. Travelers requests that this Court declare the Policy Named Storm Deductible applies to Ocean Reef's recoverable claim, if any.

## FOURTH CAUSE OF ACTION

40. Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. The claimed damage to the vessel and/or costs of raising the vessel are not the type of claim covered under the Policy and thus the claim must be denied.

42. By reason of the foregoing, the claim is not covered under the Policy, and Travelers requests the Court declare that Travelers is relieved from any obligation to Ocean Reef with respect to the claimed damage to the vessel and/or costs of raising the vessel.

## FIFTH CAUSE OF ACTION

43. Travelers repeats and realleges each and every allegation contained in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Ocean Reef has been unjustly enriched by Travelers' payment of the cost of raising the vessel, none of which has been repaid to Travelers despite due demand.

45. Travelers is entitled to recover the amounts paid to raise the vessel, plus interest and costs.

WHEREFORE, plaintiff Travelers Property Casualty Company of America requests that this Court Order issue judgment declaring:

(A) Ocean Reef LLC's violation of the Policy's Captain Warranty precludes coverage for the claimed damage to the vessel and/or costs of raising the vessel;

(B) Ocean Reef LLC's violation of the Policy's Crew Warranty precludes coverage for the claimed damage to the vessel and/or costs of raising the vessel;

(C) Ocean Reef LLC's claims are not covered under the Policy and Travelers has no obligation under the Policy for the claimed damage to the vessel and/or costs of raising the vessel;

(D) In the alternative, the Policy Named Storm Deductible applies to Ocean Reef's recoverable claim, if any;

(E) Travelers is entitled to recover the amounts paid to raise the vessel, plus interest and costs;

(F) That Travelers shall recover the costs, disbursements and reasonable fees of this action; and

(G) For such other and further relief as the Court deems appropriate.

Dated: Newark, New Jersey
September 26, 2017

DUANE MORRIS LLP

By: _____
P. Ryan McElduff
James W. Carbin
1037 Raymond Blvd, Suite 1800
Newark, NJ 07102
Telephone: 973.424.2000

Attorneys for Travelers Property
Casualty Company of America