UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Plaintiff,

                                          **AFFIRMATION IN SUPPORT
                                          OF MOTION TO TRANSFER
                                          VENUE**

    -vs.-

                                            6:17-cv-06670-EAW

OCEAN REEF CHARTERS LLC and
STONEGATE BANK,

        Defendants.
_____

STATE OF NEW YORK  )

COUNTY OF MONROE  ) ss:

      **KARL S. ESSLER,** an attorney duly admitted to practice before this Court, hereby states under the penalties of perjury:

      1.    I am a Senior Counsel with the law firm of Morgenstern DeVoesick, co-counsel with Darlene M. Lidondici , pro hac vice, of the law firm of Fertig & Gramling, attorneys for the Defendant in this action, Ocean Reef Charters LLC ("Ocean Reef Charters").  As such, I am fully familiar with the facts set forth herein and I make this Affirmation in support of Ocean Reef Charters' Motion to Transfer Venue of this action to the Southern District of Florida pursuant to 28 U.S.C. §1404(a) and Rule 12(b)(3) of the Federal Rules of Civil Procedure.

2. This action arises from the constructive total loss of an insured vessel located in Florida as a result of Hurricane Irma.

3. Plaintiff, Travelers Property Casualty Company of America ("Travelers"), filed a Complaint for Declaratory Judgment in Admiralty ("Complaint") against Defendants, Ocean Reef Charters and Stonegate Bank ("Stonegate"), to obtain a Declaratory Judgment in Admiralty regarding coverage under a marine insurance policy and to assert a claim of unjust enrichment. (Complaint, ECF No. 1).

4. The Complaint alleges this Court has jurisdiction as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333 as well as pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1391. (Complaint ¶¶ 2-4, ECF No. 1).

5. The Complaint fails to identify with any particularity the basis for its assertion that venue is proper in this District.

6. Travelers issued a Quay Yacht Policy of Insurance, Policy No. ZYM-21N30664-16-ND (the "Insurance Policy"), to Ocean Reef Charters that insured M/Y "MY LADY", a 1998 92' Hatteras (the "Vessel").  *See attached* **"Exhibit 1".** The Insurance Policy identifies Ocean Reef Charters as the Insured, Stonegate as the Loss Payee and Hull & Company as the Producer.

7. The Insurance Policy explicitly provides the Vessel's principal mooring location is in Florida.

8. Travelers is a legal entity organized and existing under the laws of Connecticut with an office and principal place of business in Hartford, Connecticut. Travelers is in the business of writing marine insurance.

9. Ocean Reef Charters is a Florida limited liability company with its principal address at 15411 Palma Lane, Wellington, Florida 33414. *See Articles of Incorporation,* attached hereto as "**Exhibit 2**".

10. Ocean Reef Charters is the owner of the Vessel. *See Declaration of Richard Gollel*.

11. Stonegate is a Florida corporation with an office and principal place of business at 400 North Federal Highway, Pompano Beach, Florida 33062. *See attached* "**Exhibit 3**".

12. The retail insurance agency that negotiated and procured the Travelers' Insurance Policy was Keen, Battle, Mead & Company, a Florida corporation that operates in Florida.

13. Hull & Company, Inc., a representative of Travelers, was the Producer that issued the Insurance Policy to the insured. *See* "**Exhibit 1**". Hull & Company, Inc. is a Florida corporation with its principal place of business at 1815 Griffin Road, Suite 300, Dania Beach, Florida 33004. In 2016 Hull & Company was involved in a merger and is now Hull & Company, LLC, a Florida Limited Liability Company with its principal address at 1815 Griffin Road, Suite 300, Dania Beach, Florida 33004. *See attached* "**Exhibit 4**".

14. Travelers' asserts a claim against Defendants for unjust enrichment arising from salvage and repairs services to the Vessel that were contracted for and performed in Broward County Florida by Offshore Marine Towing, Inc. d/b/a Towboat U.S. Ft. Lauderdale ("Offshore Marine"). Offshore Marine is a Florida corporation with its principal place of business at 601 NE 28th Court, Pompano Beach, Florida 33064. *See attached* "**Exhibit 5**".

15. This District has no connection to the operative events, the parties, the Vessel, or non-party witnesses involved in this action.

16. I respectfully submit that the Southern District of Florida is the appropriate forum as it was the location of the operative events underlying this suit, including where the Insurance

Policy was negotiated, performed and allegedly breached.  Moreover, it is the residence of both Defendants and is the location where the events underlying Travelers' unjust enrichment claim occurred.[1]

17.     The Southern District of Florida is the only district where all substantial events and alleged omissions occurred.  Further, the Southern District of Florida is the location of the Vessel and material non-party witnesses.  Therefore, venue should be transferred to the Southern District of Florida.

18.     The non-party witnesses that Ocean Reef Charters anticipates will be inconvenienced by the current forum include, but are not limited to, the following:

   a. Leslie Carpenter, an agent of Keen, Battle, Mead & Company, a Florida corporation with its principal place of business in Miami-Dade County, has knowledge of the application and negotiations for the Travelers' Insurance Policy, terms and performance under the Insurance Policy, the alleged breach of the Insurance Policy and the circumstances surrounding loss.

   b. James Gallaudet, a Florida resident who is employed by Hull & Company, has knowledge of the issuance of the Insurance Policy on behalf of Travelers, the terms and performance under the Insurance Policy, the alleged breach of the Insurance Policy and the circumstances surrounding loss.

   c. Catie Brugman, a Florida resident, has knowledge of the terms and performance under the Insurance Policy, the alleged breach of the Insurance Policy and the circumstances surrounding loss.

   d. Hull & Company, a Florida corporation with its principal place of business in Broward County, Florida.  Hull & Company was the producer of the Insurance Policy and will testify regarding terms of the Insurance Policy.

---

[1] "The Southern District of Florida comprises the counties of Broward, Dade, Highlands, Indian River, Martin, Monroe, Okeechobee, Palm Beach and St. Lucie.  Court for the Southern District is held in Miami, Fort Lauderdale, Fort Pierce, Key West, and West Palm Beach." U.S. District Court, Southern District of Florida, Federal Judicial Districts of Florida (http://www.fld.uscourts.gov/?page_id=7850).

    e. Captain George Bassett, a Florida resident and employee of Offshore Marine Towing, Inc., will testify regarding salvage services, repairs and the damage to the Vessel and Travelers' agreement to pay for these services.

    f. Steve Reuss, a Florida resident and employee of Offshore Marine Towing, Inc., will testify regarding salvage services, repairs and the damage to the Vessel and Travelers' agreement to pay for these services.

    g. Adrian Barker, a Florida resident and employee of Offshore Marine Towing, Inc., will testify regarding salvage services, repairs and the damage to the Vessel and Travelers' agreement to pay for these services.

    h. Barney Hoff, a Florida resident and employee of Offshore Marine Towing, Inc., will testify regarding salvage services, repairs and the damage to the Vessel and Travelers' agreement to pay for these services.

    i. Chloe Baker Collins, a Florida resident and employee of Offshore Marine Towing, Inc., will testify regarding salvage services, repairs and the damage to the Vessel and Travelers' agreement to pay for these services.

    j. Gregory Poulos, a Florida resident and agent of Rolly Marine Service Company, a Florida corporation located at 2551 State Road 84, Fort Lauderdale, Florida 33312, will testify regarding the condition of the Vessel post-loss and the salvage services performed by Offshore Marine Towing, Inc.

    k. Bradford Marine, Inc., a Florida corporation located at 3051 West State Road 84, Fort Lauderdale, Florida 33312, will testify regarding the condition of the Vessel and services and repairs to the Vessel post-loss.

    l. Merritt's Boat and Engine Works, Inc., a Florida corporation located at 2391 N.E. 16th Street, Pompano Beach, Florida 33062, will testify regarding the post-loss condition of the Vessel and salvage services performed to the Vessel.

    m. Neighbors of Richard Gollel in Pompano Beach, Florida that witnessed the weather conditions, loss and damage to the Vessel.

19.    If this action remains before this Court any eventual trial would be a trial by deposition as all witnesses are based in Florida. *See Declaration of Richard Gollel.* As a result,

the trier of fact would not have the benefit of live testimony to determine and evaluate the credibility of key witnesses.

20. As set forth in more detail in the accompanying Memorandum of Law, Ocean Reef Charters contends that this Court should transfer the venue of this matter to the United States District Court for the Southern District of Florida.

WHEREFORE, your deponent respectfully requests that this Honorable Court enter an Order transferring venue from the Western District of New York to the Southern District of Florida and for such other and further relief as the Court deems proper.

Dated:  December 14, 2017               ____s/ Karl S. Essler,Esq._____
                                                                 KARL S. ESSLER, ESQ.